1  Georgia A. Staton, Bar #004863
   JONES, SKELTON & HOCHULI, P.L.C.
2  2901 North Central Avenue, Suite 800
   Phoenix, Arizona 85012
3  Telephone: (602) 263-1700
   Fax: (602) 200-7854
4  gstaton@jshfirm.com

5  *Attorneys for Defendants Pinal County,*
   *Vanderpool, and Vasquez*

6

7                **UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF ARIZONA**

9  MARY      VILLESCAZ,      guardian     of      NO. CV 2006-2686-PHX-FJM
   FRANCISCO   JAVIER   VILLESCAZ,   an
10 incapacitated person, on his behalf,

11                                    Plaintiffs,

12      v.                                         **DEFENDANTS PINAL COUNTY,**
                                                   **ROGER VANDERPOOL, AND**
13 CITY OF ELOY, ARIZONA, a municipal              **CHRISTOPHER L. VASQUEZ'**
   corporation; Eloy Chief of Police WILLIAM       **MOTION FOR RULE 54(b) ENTRY**
14 K. PITMAN, individually and in his office       **OF JUDGMENT**
   capacity; Eloy Police Detective DAVID
15 VILLESCAZ, individually and in his official
   capacity; PINAL COUNTY,     a political
16 subdivision of the State of Arizona; and
   ROGER VANDERPOOL, former Sheriff of
17 Pinal County, individually and in his official
   capacity; CHRISTOPHER L. VASQUEZ,
18 current Pinal County Sheriff, in his official
   capacity,
19
                                    Defendants.
20

21         Pursuant to Rule 54(b), Fed. R. Civ. P., Defendants Pinal County, Roger

22 Vanderpool and Christopher L. Vasquez (collectively the "County Defendants") move

23 this Court for a final judgment as to the County Defendants. On May 2, 2008, the Court

24 granted the County Defendants' motion to dismiss all claims as to these Defendants. It is

25 appropriate for the Court to enter a final, appealable judgment as to the County

26 Defendants because the claims against these Defendants are completely distinct and

27 separate from the claims against the remaining Defendants. Without Rule 54(b) language,

28 these Defendants would have to wait until the end of trial against the other Defendants for

1914338.1
5/11/08

1  a final judgment.

2  **I.      RELEVANT BACKGROUND:**

3              Plaintiff filed a Complaint in this matter alleging various claims against both

4  the County Defendants and the City of Eloy and two of its employees.  The grounds for

5  the claims against the Eloy Defendants are completely different from the grounds for the

6  claims against the County Defendants.  All claims against the Eloy Defendants arise out

7  of the investigation, arrest, and interrogation of Francisco Villescaz on June 15, 2003,

8  relating to charges of armed robbery and murder.  By contrast, all claims against the

9  County Defendants arise out of Mr. Villescaz' ten month detention in the Pinal County

10  Jail, pending his trial on armed robbery and murder charges.  The claims against the

11  County Defendants arise out of the conditions of Mr. Villescaz' confinement, and are

12  totally unrelated to the claims regarding his arrest and interrogation that have been filed

13  against the City of Eloy Defendants.

14              On November 14, 2007, the County Defendants filed a Motion to Dismiss,

15  arguing that Plaintiff's claims against the County Defendants were barred by the Prison

16  Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  (Doc. #35).  After considering

17  Plaintiff's Response, and the County Defendants' Reply, the Court entered an order on

18  May 2, 2008, granting the County Defendants' Motion and dismissing all claims against

19  these Defendants.  (Doc. #57).

20  **II.      A RULE 54(B) JUDGMENT FOR THE COUNTY IS APPROPRIATE.**

21              Rule 54(b), Fed. R. Civ. P., provides that when an action presents more than

22  one claim for relief, or when multiple parties are involved, the court "may direct entry of a

23  final judgment as to one or more, but fewer than all, claims or parties only if the court

24  expressly determines that there is no just reason for delay."  Thus, this Court may enter a

25  Rule 54(b) judgment, if the May 2, 2008 order dismissing all Plaintiff's claims against the

26  County Defendants was sufficiently final, and there is no just cause for delaying

27  judgment.  *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 7-8

28  (1980).  That is the case here.  The dismissal of the County Defendants is a decision upon

a "cognizable claim for relief," and constitutes an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (quoting, in part, *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1955).

Further, there is no just reason for delay. *Curtiss-Wright* sets forth two factors to consider in determining whether to include Rule 54(b) language in a judgment: (1) whether the claims under review are separable from the others remaining to be adjudicated, and (2) whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once, even if there is a subsequent appeal. *Id.* at 8; *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).

Here, both factors support immediate entry of judgment. Plaintiffs' claims against the County Defendants are readily separable from those against the Eloy Defendants. There is no risk of a piecemeal appeal. Each set of claims relies on completely separate facts. The claims against the County Defendants revolve around the conditions of Frankie Villescaz' detention, and have nothing to do with his arrest and interrogation. Likewise, the claims against the County Defendants are subject to the PLRA's exhaustion requirement, and the PLRA has no application to Plaintiff's claims against the Eloy Defendants.

Based on the foregoing, the County Defendants respectfully request the Court to enter a final judgment with Rule 54(b) language against these Defendants with prejudice.

RESPECTFULLY SUBMITTED this 12th day of May, 2008.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/Georgia A. Staton
Georgia A. Staton
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
*Attorneys for Defendants Pinal County,*
*Vanderpool, and Vasquez*

1

ORIGINAL e-filed with the Court and COPIES
mailed this 12th day of May, 2008, to:

2

3

Hon. Frederick J. Martone
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 62
Suite 526
Phoenix, AZ  85003-2158

4

5

6

Michael J. Brune, Esq.
P. O. Box 1650
Coolidge, AZ  85228
*Attorney for Plaintiffs*

7

8

Paul W. Holloway, Esq.
HOLLOWAY ODEGARD FORREST
KELLY & KASPAREK, P.C.
3101 North Central Avenue, Suite 1200
Phoenix, Arizona 85012-2699
*Attorneys for Defendants City of Eloy,
Pitman and David Villescaz*

9

10

11

12

13

/s/Amanda Ferguson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1914338.1
5/11/08

4